IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sterling Vernard Green, | Case No. 4:06-cr-01322-TLW-4 |
| PETITIONER | |
| v. | **Order** |
| United States of America, | |
| RESPONDENT | |

This matter is before the Court on a motion filed by Petitioner Sterling Vernard Green entitled "Petitioner's Motion Requesting the Court With the Consent of the Government to Reduce His Sentence Pursuant to the Holloway Doctrine." ECF No. 372. For the reasons stated below, the Court denies the motion.

## I.      Factual and Procedural History

On December 19, 2006, Petitioner was indicted on four counts of a seventeen-count indictment. He was charged with conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack (Count 1); possession with intent to distribute 5 grams or more of crack (Count 2); felon in possession of a firearm and ammunition (Count 4); and using and carrying firearms during and in relation to, and in furtherance of, a drug trafficking crime (Count 5). The Government filed an information pursuant to 21 U.S.C. § 851, which had the effect of increasing his mandatory minimum sentence on the conspiracy charge from ten years to twenty years. ECF No. 52. After a four-day trial, the jury convicted him on the two drug charges, but acquitted him on the two gun charges.

At sentencing on August 14, 2007, the Court adopted the factual and legal conclusions set

1

forth in the Presentence Investigation Report (PSR). The PSR concluded that Petitioner's total offense level was 36.[1] PSR ¶ 62. He had six criminal history points, resulting in a criminal history category of III.[2] *Id.* ¶ 44. A total offense level of 36 and criminal history category of III resulted in an initial guideline range of 235 to 293 months, but pursuant to the 20-year mandatory minimum and U.S.S.G. § 5G1.1(c)(2), the guideline range became 240 to 293 months. *Id.* ¶ 84. The Court ultimately sentenced him to concurrent 252-month sentences on each drug count, to run consecutively to the ten-year state sentences he was serving for his ABHAN and attempted robbery convictions.[3] ECF No. 184. He filed a direct appeal, and the Fourth Circuit affirmed. *United States v. Green*, 337 F. App'x 269, 270 (4th Cir. 2009).

On May 26, 2011, Petitioner filed a petition seeking to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255, but the Court dismissed the petition as untimely. ECF Nos. 262, 274. He filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. *United States v. Green*, 467 F. App'x 229, 230 (4th Cir. 2012).

On August 17, 2012, he filed a second § 2255 petition, but the Court denied the petition on the merits.[4] ECF No. 321. He did not file a direct appeal.

---

[1] He had a base offense level of 34 based on a drug weight of 425.5 grams of crack, and he received a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 based on his trial testimony. PSR ¶¶ 53, 57.

[2] He received three criminal history points for 2000 convictions for distribution of crack within proximity of a school, distribution of crack, and possession with intent to distribute crack, for which he received concurrent sentences under the Youth Offender Act not to exceed six years. PSR ¶ 41. He also received three criminal history points for 2006 convictions for ABHAN and attempted robbery in which he "beat[] the victim about the head, face and body with a handgun," for which he received concurrent ten-year sentences. PSR ¶ 42.

[3] His federal sentences were later reduced to 240 months pursuant to an amendment to the crack guidelines. ECF No. 225.

[4] The Government did not move to dismiss this petition as second or successive, and the Court did

On March 7, 2016,[5] Petitioner filed this motion seeking to reduce his sentence under the so-called Holloway doctrine.

This matter is now ripe for decision.

## II.     Discussion

### A.     The Holloway doctrine

The Holloway doctrine takes its name from a district court opinion, *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).  In *Holloway*, the defendant and an accomplice stole three cars at gunpoint over a two-day span in October 1994, and based on this conduct, Holloway was charged with three counts of carjacking and three counts of violating 18 U.S.C. § 924(c). 68 F. Supp. 3d at 312.  He went to trial and was convicted on all six counts. *Id.*  At the time, § 924(c) provided that, for a first conviction of that statute, the sentence is a mandatory 5 years that must run consecutively to any other term of imprisonment, and for a second or subsequent conviction, the sentence is a mandatory 20 years that must be run consecutively to any other term of imprisonment (including any other § 924(c) sentence imposed in the same case).[6]  Accordingly, the judge sentenced him to 151 months concurrent on each of the carjackings, 5 years consecutive on the first § 924(c), 20 years consecutive on the second § 924(c), and 20 years consecutive on the third § 924(c), for a total sentence of 57 years and 7 months. *Holloway*, 68 F. Supp. 3d at 312–13.

---

not raise the issue *sua sponte*.

[5] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

[6] The current version of the statute provides for a mandatory 25 years consecutive for a second or subsequent conviction.

3

After Holloway's sentencing, he filed unsuccessful direct appeals to the Second Circuit and Supreme Court. *Id.* at 313. The judge then denied his § 2255 petition in 2002, and the Second Circuit did not issue a certificate of appealability. *Id.* In 2010, the Second Circuit rejected his request for permission to file a successive § 2255 petition. *Id.* at 313–14.

Then, in 2012, he filed a motion to reopen his initial § 2255 petition under Rule 60(b) of the Federal Rules of Civil Procedure. *Id.* at 314. In response, the judge—troubled by the harsh effect of the mandatory consecutive sentences—issued an order "respectfully request[ing] that the United States Attorney consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions." *Id.* The United States Attorney for the district declined to agree to such an order, but observed that he might be eligible for relief from the President through the exercise of his clemency power. *Id.* However, the nationwide clemency initiative that the Department of Justice subsequently announced used criteria that likely would have disqualified Holloway. *Id.* As a result, the judge asked the United States Attorney to reconsider her position. *Id.* She agreed to do so, and she then withdrew her opposition to the Rule 60(b) motion and agreed to not oppose the granting of the underlying § 2255 petition in order to allow the judge to vacate two of the § 924(c) convictions. *Id.* The judge then did so, which resulted in him having three carjacking convictions and one § 924(c) conviction, and the judge imposed a sentence of time served. *United States v. Holloway*, No. 1:95-cr-00078-JG-4 (E.D.N.Y.), ECF No. 259.

Notably absent from *Holloway* is an explanation of any statutory or constitutional basis for vacating Holloway's convictions.

### B.     Authority to Modify a Sentence

A district court's authority to modify a sentence once it has become final is sharply

4

circumscribed by statute. *See* 18 U.S.C. § 3582(c); 28 U.S.C. § 2255(a). Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed," except in very limited circumstances.[7]  Similarly, under § 2255, a sentence can only be vacated, set aside, or corrected if it "was imposed in violation of the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law," or the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Except for these limited circumstances, the authority to modify a sentence that has become final rests solely with the President.[8] *See* U.S. Const. art. II, § 2, cl. 1 ("The President . . . shall have Power to grant Reprieves and Pardons for Offenses against the United States, except in Cases of Impeachment."). The pardon power is extraordinarily broad:

> The power thus conferred is unlimited, with the exception stated. It extends to every offence known to the law, and may be exercised at any time after its commission, either before legal proceedings are taken, or during their pendency, or after conviction and judgment. This power of the President is not subject to legislative control. Congress can neither limit the effect of his pardon, nor exclude from its exercise any class of offenders. The benign prerogative of mercy reposed in him cannot be fettered by any legislative restrictions.
>
> Such being the case, the inquiry arises as to the effect and operation of a pardon, and on this point all the authorities concur. A pardon reaches both the punishment prescribed for the offence and the guilt of the offender; and when the pardon is full,

---

[7] Specifically, under § 3582(c)(1)(A) and upon motion by the Director of the Bureau of Prisons, the court may reduce a defendant's sentence if there are "extraordinary and compelling reasons" to do so or if "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and "is not a danger to the safety of any other person or the community . . . ." Additionally, under § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 . . . ."  Finally, under § 3582(c)(2), the court may reduce a sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."

[8] The Court recognizes that, practically speaking, if both sides agree to a proposed ruling from the Court, there is no one to appeal the decision and it will stand. That is not the same as the Court actually having jurisdiction to make such a ruling.

5

> it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence. If granted before conviction, it prevents any of the penalties and disabilities consequent upon conviction from attaching; if granted after conviction, it removes the penalties and disabilities, and restores him to all his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity.

*Ex parte Garland*, 71 U.S. 333, 380 (1866). The power to grant pardons, which is the effect of vacating a conviction, is simply not a power possessed by federal judges under Article III of the Constitution, even if they act with consent of the Department of Justice. If the Department feels that such relief is warranted, the proper remedy is to recommend to the President that he issue a pardon. For these reasons, the Court is not persuaded that it has the power to do what Petitioner requests, even if it were inclined to do so.

### C.     The Holloway doctrine does not apply

Even if the Court did possess the power that Petitioner suggests, such relief would not be appropriate in this case. As *Holloway* notes, the facts there presented a particularly unusual circumstance, given the harshness of the stacked § 924(c) convictions (especially in light of the so-called "trial penalty" that resulted from him insisting on a trial rather than agreeing to the plea offer to plead guilty to the carjackings and one § 924(c) count in exchange for the Government dismissing the other § 924(c) counts), combined with his mild disciplinary history, his efforts to better himself while in prison, and the consent of the victims of his crimes. *See Holloway*, 68 F. Supp. 3d at 312–14.

In contrast, Petitioner's case is simply a standard drug prosecution that did not even involve any guideline enhancements to his drug weight-determined base offense level, aside from the obstruction enhancement for denying at trial his drug dealing activities. There was no issue involving stacking of § 924(c) convictions, as there was in *Holloway*. This case simply does not

6

present the issues that the district judge wrestled with in *Holloway*.

## III.  Conclusion

For the reasons stated, Petitioner's Motion to Reduce Sentence, ECF No. 372, is **DENIED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 21, 2017
Columbia, South Carolina