IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Sterling Vernard Green | Crim. No. 4:06-cr-01322-TLW-4<br><br>**Order** |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant was convicted at trial of two counts: Conspiracy to Possess With Intent to Distribute and to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846 (Count 1); and Possession With Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 2). After taking into account the § 851 Information that the Government previously filed, his statutory sentencing ranges were 20 years-to-Life, followed by at least 10 years of supervised release (Count 1); and 5-to-40 years, followed by at least 4 years of supervised release (Count 2). PSR ¶¶ 83, 88.

At sentencing, Defendant was held accountable for 425.5 grams of crack cocaine. PSR ¶ 36. His Guidelines range—after taking into account the mandatory minimum on Count 1—was 240–293 months (36/III), followed by 10 years of

1

supervised release. PSR ¶¶ 84, 91. The Court imposed a 252-month term of imprisonment, followed by a 10-year term of supervised release.[1] ECF No. 184. The Court later reduced his sentence to 240 months imprisonment pursuant to a Guidelines amendment. ECF No. 225.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." The Court imposed a sentence for Defendant's conviction on Count 1, which charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii); and Count 2, which charged him with violating 21 U.S.C. § 841(b)(1)(B)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii) by increasing the threshold amounts of crack from 50 grams to 280 grams and 5 grams to 28 grams, respectively.

The Government takes the position that Defendant is not eligible to relief under the First Step Act because the crack weight for which he was held accountable at sentencing—425.5 grams—exceeds the current § 841(b)(1)(A)(iii) threshold of 280

---

[1] Specifically, the Court sentenced him to concurrent custody terms of 252 months on each count (with both running consecutively to the sentence he was serving in state court), followed by concurrent supervised release terms of 10 years on Count 1 and 5 years on Count 2. ECF No. 184 at 2–3.

grams. The Government asserts that if the Fair Sentencing Act had been in effect when he was originally charged, the Government would have charged the current § 841(b)(1)(A)(iii) threshold amount. *See* ECF No. 491 at 4–5. The Fourth Circuit has recently considered the question of when a defendant is eligible for relief under the First Step Act, ultimately holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (citations omitted). Because Defendant is serving a sentence for pre-August 3, 2010 violations of § 841(b)(1)(A)(iii) and (B)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act.

In Defendant's motion, he requests a full resentencing hearing and implies that if he were granted one, he would seek to challenge the validity of the § 851 enhancement. *See* ECF No. 492 at 3–4. The Government argues that he is not entitled to a full resentencing. *See* ECF No. 491 at 6–8.

Judge Currie has recently considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also Wirsing*, 943 F.3d at 181 n.1 ("Defendant does not contest that his relief, if any, will

3

be in the form of a limited sentence modification rather than a plenary resentencing.").

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The Government argues that even if the Court concludes that he is eligible for relief, the Court should exercise its discretion to not reduce his sentence because the Government would have charged him with the current threshold amount if the Fair Sentencing Act had been in place when he committed the offense of conviction. *See* ECF No. 491 at 6. Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (425.5 grams) that would have supported a charge to the current threshold amount (280 grams); (2) he has prior drug distribution convictions; (3) he has prior convictions for ABHAN and attempted robbery, which resulted from him pistol-whipping the female victim; and (4) he falsely

testified at trial that he was not a drug dealer.  For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 471, is therefore **DENIED**.

    **IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 11, 2019
Columbia, South Carolina