IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Sterling Vernard Green | Case No. 4:06-cr-01322-TLW-4<br><br>**Order** |

      This matter is before the Court on inmate Sterling Green's pro se motion, ECF No. 543, styled as Motion to Appoint Counsel for Reduction. The motion states that the inmate is requesting a public defender, states "can you please send me a public defender to help with this world crisis…" and also that the inmate would like to file for relief related to the COVID-19 pandemic. ECF No. 543 at 1. Based on the generous standard with which pro se motions are to be constructed, the Court construes this motion as a request for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) based on the risk posed by the ongoing COVID-19 pandemic, particularly within the prison population.

      Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582. However, a court may reduce a defendant's sentence pursuant to § 3582(c)(1)(A)(i), subject to exhaustion of administrative remedies. A defendant may bring a motion for compassionate release pursuant to § 3582(c)(1)(A) only "after [(1)] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [(2)] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

1

This statute requires an inmate to exhaust administrative remedies prior to seeking relief in this Court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Monzon*, No. 99cr157 (DLC), 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (denying motion for reduction of sentence because the defendant failed to exhaust his administrative remedies).

Here, inmate Green has not alleged that he made such a request to his warden or that he has exhausted his administrative remedies. Accordingly, as Green has not made any showing or provided any documentation that he has met the administrative requirements, his motion, ECF No. 543, is **DENIED WITHOUT PREJUDICE**. Because this motion is denied without prejudice, inmate may refile it and include the appropriate documentation showing that he has exhausted his administrative remedies. To the extent that inmate seeks the appointment of a public defender to assist him with his compassionate release motion, this request is moot in light of the motion being denied. Additionally, although this is an important matter, the Court notes that there is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013).

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Senior United States District Judge

August 3, 2020
Columbia, South Carolina